FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 31 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JANE DOE                                                                                    PLAINTIFF

vs.                   CASE NO. 2:22cv151-LPR

DAVID CARRUTH, INDIVIDUALLY                                  DEFENDANT

## COMPLAINT

Comes the Plaintiff, by and through counsel and for this Complaint, she states:

### PARTIES AND JURISDICTION

1. Jane Doe Plaintiff, whose initials are CM, is a resident and citizen of Monroe County, Arkansas, who brings this action for violation of her due process rights, for defamation, and for violation of the Arkansas Felony Tort Statute.

2. Defendant, David Carruth, is sued in his individual capacity, as a former Monroe County District Judge, presiding in Monroe County, Arkansas.

3. Since the acts giving rise to this action arose in this Court's District, venue is proper under 28 USC 1391. This Court has personal and subject matter jurisdiction over the parties and subject matter hereto under 28 USC 1331, as well as supplemental jurisdiction over the Plaintiff's State claims under 28 USC 1367. All actions were taken under color of law.

### GENERAL ALLEGATIONS OF FACTS

4. In 2022, Plaintiff approached David Carruth about several personal issues she had.

5. At the time, Defendant Carruth was the duly acting and appointed District Judge for Monroe County, Arkansas.

6. Defendant invited Plaintiff to meet with him.

7. During the meeting, Defendant Carruth offered to exchange leniency for Plaintiff's boyfriend, if Plaintiff would have sex with Defendant Carruth.

This case assigned to District Judge _Rudofsky_
and to Magistrate Judge _Ray_

8. Defendant Carruth offered to order Plaintiff's boyfriend released, if she agreed to have sex with him.

9. Plaintiff refused.

10. Defendant then falsely accused Plaintiff of a crime, which has caused her to lose reputation and experience severe mental and emotional distress. See https://www.kark.com/news/local-news/arkansas-judge-says-fbi-raid-linked-to-woman-trying-to-blackmail-him/

## COUNT I

11. Plaintiff realleges the foregoing as if more fully set out herein.

12. Defendant published a false statement accusing Plaintiff of black mail. This was false. https://www.kark.com/news/local-news/arkansas-judge-says-fbi-raid-linked-to-woman-trying-to-blackmail-him/

13. By virtue of the facts alleged herein, Defendant has defamed the Plaintiff and caused her to lose reputation.

14. As a direct and proximate cause of Defendants' acts and omissions as alleged herein, Plaintiff has suffered severe mental and emotional distress and will continue to do so in the future.

15. Defendant's actions warrant the imposition of punitive damages.

## COUNT II

16. Plaintiff realleges the foregoing as if more fully set out herein.

17. By virtue of the facts alleged herein, Defendant has engaged in conduct intolerable in a civilized society, as well as committed a felony, AR Code § 5-52-107 (2020)

18. Defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was 'extreme and outrageous,' was 'beyond all possible bounds of decency,' and was 'utterly intolerable in a civilized community;' (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it

19. Plaintiff suffered "nervous shock to emotional upset, and ... all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, anger, embarrassment, chagrin, disappointment, worry and nausea."

20. Defendant's actions warrant the imposition of punitive damages.

## COUNT III

21. Plaintiff realleges the foregoing as if more fully set out herein.

22. Plaintiff has clearly established right to Due Process of law and her bodily integrity. Defendant, acting under color of law, deprived Plaintiff of these rights

23. Had Plaintiff not been a woman, Defendant would not have offered her leniency for her boyfriend in exchange for sex. Accordingly, Defendant, acting under color of law, has denied Plaintiff Equal Protection of Laws.

24. "A sexual assault can be a constitutional violation under section 1983." *Haberthur v. City of Raymore,* 119 F.3d 720, 723 (8th Cir.1997) (citing *Harris v. City of Pagedale,* 821 F.2d 499, 508 (8th Cir.1987) (city liable under section 1983 when police officer sexually fondled and raped a woman)).

25. Plaintiff suffered "nervous shock to emotional upset, and ... all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, anger, embarrassment, chagrin, disappointment, worry and nausea."

26. Defendant's actions warrant the imposition of punitive damages.

## JURY DEMAND

27. Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff prays for Declaratory Judgment that she is a victim of a felony; for appropriate compensatory and punitive damages; for a trial by jury; for attorneys' fee; for costs; and, all other proper relief.

Respectfully submitted,

Luther Sutter, Esq., ARBN 95031
Lucien R. Gillham, Esq., ARBN 99199
Attorneys for Plaintiff
**SUTTER & GILLHAM P.L.L.C.**
310 W. Conway Street
Benton, Arkansas 72015
(501) 315-1910 – Office
(501) 315-1916 – Facsimile
Luther.sutterlaw@gmail.com
Lucien.gillham@gmail.com

By: _____
Luther Sutter, Esq., ARBN 95031